UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: LAWRENCE R. ERLICH and § Case No. 09-37302
HARLENE R. ERLICH § Hon. EUGENE R. WEDOFF
§ Chapter 7
§

Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter 7 of the United States Bankruptcy Code on 10/07/2009.

The undersigned trustee was appointed on 10/07/2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of        $45,202.08

Funds were disbursed in the following amounts:

| | |
|---|---|
| Administrative expenses | $4,300.00 |
| Payments to creditors | |
| Non-estate funds paid to 3rd Parties | |
| Payments to the debtor | |
| Leaving a balance on hand of [1] | $40,902.08 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was 02/12/2010. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $5,270.21. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $5,270.21, for a total compensation of $5,270.21. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00, and now requests reimbursement for expenses of $30.44, for total expenses of $30.44.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 06/15/2010      By: /s/ ALLAN J. DeMARS
                          Trustee

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-7-TFR (9/1/2009)

# EXHIBIT A - FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
## ASSET CASES

Case No.: 09-37302

Case Name: LAWRENCE R. and HARLENE R. ERLICH

For Period Ending: 12/31/10

Trustee Name: Allan J. DeMars

Date Filed (f) or Converted (c): 10/7/09 (F)

$341(a) Meeting Date: 11/12/09

Claims Bar Date: 2/12/10

| 1 | | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|---|
| Ref # | Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=$ 554(a) abandon DA=$ 554(c) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1 | condo at 1100 N. Lake Shore Drive, Chicago | 750,000.00 | 0.00 | DA | | FA |
| 2 | cash | 250.00 | 0.00 | DA | | FA |
| 3 | checking account-Chase | 1,397.00 | 0.00 | DA | | FA |
| 4 | checking acct-Citibank | 100.00 | 100.00 | DA | 100.00 | FA |
| 5 | checking account-BoA | 451.00 | 0.00 | DA | | FA |
| 6 | checking account | 1,240.00 | 0.00 | DA | | FA |
| 7 | checking account 5/3 | 39.00 | 39.00 | | 39.00 | FA |
| 8 | furniture | 4,550.00 | 389.00 | | 389.00 | FA |
| 9 | books | 100.00 | 74.00 | | 74.00 | FA |
| 10 | artwork | 41,750.00 | 22,000.00 | | 42,000.00 | FA |
| 11 | collectibles | 400.00 | 290.00 | | 290.00 | FA |
| 12 | wearing apparel | 1,000.00 | 0.00 | DA | | FA |
| 13 | mink | 250.00 | 180.00 | | 180.00 | FA |
| 14 | men's fur | 200.00 | 145.00 | | 145.00 | FA |
| 15 | jewelry | 2,400.00 | 1,730.00 | | 1,730.00 | FA |
| 16 | golf clubs/camera | 250.00 | 180.00 | | 180.00 | FA |
| 17 | IRA | 1,500.00 | 0.00 | DA | | FA |
| 18 | stock club | 650.00 | 0.00 | DA | | FA |

| | | | | | |
|---|---|---|---|---|---|
| 19 | office equipment | 100.00 | 73.00 | | 73.00 | FA |
| 20 | business supplies | 100.00 | 0.00 | DA | | FA |
| 21 | interest on invested funds | | | | 2.08 | FA |

TOTALS (Excluding unknown values)      25,200.00                45,202.08      22,000.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing: auction of artwork; sale of right, title and interest in non and partially exempt assets

Initial Projected Date of Final Report (TFR): _____July, 2010_____    Current Projected Date of Final Report (TFR): _____6/15/10_____

**EXHIBIT B - FORM 2**
**CASH RECEIPTS AND DISBURSEMENT RECORDS**

Case No.: 09-37302
Case Name: LAWRENCE R. and HARLENE R. ERLICH
Taxpayer ID#: 27-6525273
For Period Ending: 12/31/10

Trustee's Name: Allan J. DeMars
Bank Name: Bank of America
Initial CD #: CDI
Blanket bond (per case limit): 5,000,000
Separate bond (if applicable):
Money Market #: 375 556 5282

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Money Market Balance |
| BALANCE CARRIED FORWARD | | | | | | | 0.00 |
| 3/29/10 | Ref 4,7,8,9, 11,13,14, 15,16,19 | From Lawrence and Harlene Erlich | right, title and interest in non-exempt assets | 1129-000 | 3,200.00 | | 3,200.00 |
| 3/31/10 | Ref 21 | Bank of America | interest on invested funds | 1270-000 | 0.01 | | 3,200.01 |
| 3/30/10 | Ref 21 | Bank of America | interest on invested funds | 1270-000 | 0.26 | | 3,200.27 |
| 01/01 | Ref 10 | Leslie Hindman Auctioneers | proceeds of auction sale | 1129-000 | 42,000.00 | | 45,200.27 |
| 1/24/10 | Check 1001 | Leslie Hindman Auctioneers | commission from art auction sale | 3610-000 | | 4,200.00 | 41,000.27 |
| 5/31/10 | Ref 21 | Bank of America | interest on invested funds | 1270-000 | 1.13 | | 41,001.40 |
| 7/7/10 | Check 1002 | Illinois Dept of Revenue | IL-1041 | 2820-000 | | 100.00 | 40,901.40 |
| 7/7/10 | Ref 21 | Bank of America | interest on invested funds | 1270-000 | 0.68 | | 40,902.08 |
| | | | COLUMN TOTALS | | 45,202.08 | 4,300.00 | 40,902.08 |

Net 45,202.08   4,300.00   40,902.08

| | NET DEPOSITS | NET DISBURSEMENTS | BALANCES |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | 45,202.08 | 4,300.00 | 40,902.08 |
| Money Market # 375 556 5282 | | | |
| Net | | | |
| | Excludes account transfers | Excludes payments to debtor | Total Funds on Hand |

**Bank of America**

CUSTOMER CONNECTION
BANK OF AMERICA, N.A.
DALLAS, TEXAS 75283-2406

Account Number       3755565282
01 01 149 01 M0000 E#        1
Last Statement:      04/30/2010
This Statement:      05/28/2010

ESTATE OF
LAWRENCE R ERLICH, DEBTOR
HARLENE R ERLICH, DEBTOR
ALLAN J. DEMARS - TRUSTEE
09-37302
100 WEST MONROE STREET, SUITE 910
CHICAGO IL  60603

Customer Service
1-877-757-8233

Page      1 of    2

Bankruptcy Case Number: 0937302

## SPECIAL MARKETS MMS INVESTMENT ACCOUNT

### Account Summary Information

Statement Period 05/01/2010 - 05/28/2010
Number of Deposits/Credits                2
Number of Checks                          1
Number of Other Debits                    0

Statement Beginning Balance            3,200.27
Amount of Deposits/Credits            42,001.13
Amount of Checks                       4,200.00
Amount of Other Debits                      .00
Statement Ending Balance              41,001.40

Number of Enclosures                      1

Service Charge                              .00

### Interest Information

Amount of Interest Paid            1.13
Annual Percentage Yield Earned     .10%   Interest Paid Year-to-Date    1.40

### Deposits and Credits

| Date Posted | Customer Reference | Amount | Description | Bank Reference |
|---|---|---|---|---|
| 05/21 | | 42,000.00 | IL BANKING CENTER DEPOSIT | 82180648272393 |
| 05/28 | | 1.13 | INTEREST PAID ON 31 DAYS AVERAGE COLLECTED BALANCE OF    $13,429.30 | 0984000363 |

### Withdrawals and Debits

Checks

| Check Number | Amount | Date Posted | Bank Reference | Check Number | Amount | Date Posted | Bank Reference |
|---|---|---|---|---|---|---|---|
| 1001 | 4,200.00 | 05/28 | 6392558459 | | | | |

### Daily Balances

| Date | Ledger Balance | Collected Balance | Rate | Date | Ledger Balance | Collected Balance | Rate |
|---|---|---|---|---|---|---|---|
| 04/30 | 3,200.27 | 3,200.27 | .100 | 05/25 | 45,200.27 | 45,200.27 | .100 |
| 05/21 | 45,200.27 | 3,200.27 | .100 | 05/28 | 41,001.40 | 41,001.40 | .100 |
| 05/24 | 45,200.27 | 43,100.27 | .100 | | | | |

Exhibit D

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 09-37302
Case Name: LAWRENCE R. ERLICH and HARLENE R. ER
Trustee Name: ALLAN J. DeMARS

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| NONE | $0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Trustee*  ALLAN J. DeMARS | $5,270.21 | $30.44 |
| *Attorney for trustee*  ALLAN J. DeMARS | $3,828.00 | |
| *Appraiser* | | |
| *Auctioneer* | | |
| *Accountant*  LOIS WEST/POPOWCER KATTEN LTD | $946.00 | |
| *Special Attorney for trustee* | | |
| *Charges,*  U.S. Bankruptcy Court | | |
| *Fees, United States Trustee* | | |
| *Other* | | |

**UST Form 101-7-TFR (9/1/2009)**

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| Attorney for debtor | | |
| Attorney for | | |
| Accountant for | | |
| Appraiser for | | |
| Other | | |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____$0.00_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling _____$133,221.22_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ___23___ percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | PYOD LLC as assignee of Citibank | $12,602.23 | $2,916.16 |
| 2 | American Express Centurion Bank | $44,346.97 | $10,261.90 |
| 3 | American Express Centurion Bank | $22,820.65 | $5,280.70 |
| 4 | American Express Bank FSB | $1,295.91 | $299.88 |
| 5 | American Express Bank FSB | $15,966.01 | $3,694.54 |
| 6 | Discover Bank | $11,591.65 | $2,682.31 |
| 7 | FIA Card Services successor to Bank of America and MBNA | $24,597.80 | $5,691.94 |

UST Form 101-7-TFR (9/1/2009)

Tardily filed claims of general (unsecured) creditors totaling _____$0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | |
| | | | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____$9.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | |
| | | | $0.00 |

The amount of surplus returned to the debtor after payment of all claims and interest is _____$0.00.

UST Form 101-7-TFR (9/1/2009)