## UNITED STATES BANKRUPTCY COURT
### NORTHERN  DISTRICT OF ILLINOIS
#### EASTERN DIVISION

In re:  MARTHA L. ROLAND     §    Case No. 09-20610
                            §                 Hon. SUSAN PIERSON SONDERBY
                            §                 Chapter 7
                            §

         Debtor(s)

---

### TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter 7  of the United States Bankruptcy Code on 06/05/2009     .

The undersigned trustee was appointed on 06/05/2009      .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $170,000.12

         Funds were disbursed in the following amounts:

| | |
|---|---|
| Administrative expenses | $15,038.88 |
| Payments to creditors | $130,491.87 |
| Non-estate funds paid to 3rd Parties | |
| Payments to the debtor | $15,000.00 |
| Leaving a balance on hand of [1] | $9,469.37 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was 10/20/2009          . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is          $11,750.01 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received          $0.00 as interim compensation and now requests the sum of          $3,000.00 , for a total compensation of          $3,000.00. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of          $0.00 , and now requests reimbursement for expenses of          $25.53 , for total expenses of          $25.53 .

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 06/15/2010          By:  /s/ ALLAN J. DeMARS
                                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

UST Form 101-7-TFR (9/1/2009)

# EXHIBIT A - FORM 1
## INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
### ASSET CASES

Case No.: __09-20610__

Case Name: __MARTHA L. ROLAND__

For Period Ending: __12/31/10__

Trustee Name: __Allan J. DeMars__

Date Filed (f) or Converted (c): __6/5/09 (f)__

§341(a) Meeting Date: __7/16/09__

Claims Bar Date: __10/20/09__

| Ref # | 1 Asset Description (Scheduled and Unscheduled (u) Property) | 2 Petition/ Unscheduled Values | 3 Estimated Net Value (Value Determined by Trustee Less Liens, Exemptions, and Other Costs) | 4 Property Abandoned OA=§ 554(a) abandon DA=§ 554(c) abandon | 5 Sale/Funds Received by the Estate | 6 Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | residence at 2311 W. Birchwood, Chicago, IL | 178,000.00 | 13,000.00 | | 170,000.00 | FA |
| 2 | cash on hand | 20.00 | 0.00 | DA | | FA |
| 3 | checking account | 600.00 | 0.00 | DA | | FA |
| 4 | books, pictures | 100.00 | 0.00 | DA | | FA |
| 5 | wearing apparel | 200.00 | 0.00 | DA | | FA |
| 6 | 2008 Jetta (leased) | 15,940.00 | 0.00 | DA | | FA |
| 7 | interest on invested funds | | | | 0.12 | FA |
| | TOTALS (Excluding unknown values) | 13,000.00 | 170,000.12 | | | |

(Total Dollar Amount in Column 6)

Major activities affecting case closing: sale of real estate

Initial Projected Date of Final Report (TFR): __August, 2010__   Current Projected Date of Final Report (TFR): __6/15/10__

## EXHIBIT B - FORM 2
## CASH RECEIPTS AND DISBURSEMENT RECORDS

Trustee's Name: Allan J. DeMars
Bank Name: Bank of America
Initial CD #: CDI
Blanket bond (per case limit): 5,000,000
Separate bond (if applicable):
Money Market #: 375 556 6744

Case No.: 09-20610
Case Name: MARTHA ROLAND
Taxpayer ID#: 27-6609055
For Period Ending: 12/31/10

| 1 Trans. Date | 2 Check or Ref. # | 3 Paid to/ Received from | 4 Description of Transaction | 5 Uniform Transaction Code | 6 Deposit $ | 7 Disbursement $ | 8 Money Market Balance |
|---|---|---|---|---|---|---|---|
| BALANCE CARRIED FORWARD | | | | | | | |
| 5/19/10 | Ref 1 | PNTN (Title Co.) | net proceeds from sale of 2311 W. Birchwood, Chicago, Il | | | | |
| | | | Gross sales proceeds $170,000.00 | 1110-000 | 24,469.25 | | 24,469.25 |
| | | | Less amounts paid through escrow at closing: | | | | |
| | | | mortgage liens: $130,491.87 | 4110-000 | | | |
| | | | broker's commission: $10,200.00 | 3510-000 | | | |
| | | | post-petition real estate taxes: $1,986.48 | 2820-000 | | | |
| | | | seller's closing costs: $2,852.40 | 2500-000 | | | |
| 5/24/10 | Check 1001 | Martha Roland | homestead exemption | 8100-002 | | 15,000.00 | 9,469.25 |
| | | | | | 0.00 | | |

| 1 Trans. Date | 2 Check or Ref. # | 3 Paid to/ Received from | 4 Description of Transaction | 5 Uniform Transaction Code | 6 Deposit $ | 7 Disbursement $ | 8 Money Market Balance |
|---|---|---|---|---|---|---|---|
| /8/10 | Ref 7 | Bank of America | interest on invested funds | 1270-000 | 0.12 | | 9,469.37 |

```
                                   COLUMN TOTALS              170,000.12   160,530.75   9,469.37

                        Less: Bank transfers/CD
                                      Subtotal               170,000.12   160,530.75
                        Less: Payments to debtor(s)           15,000.00    15,000.00
                                           Net               155,000.12   145,530.75   9,469.37

TOTAL - ALL ACCOUNTS                              NET           NET
Checking#                                      DEPOSITS    DISBURSEMENTS    BALANCES
Money Market # 375 556 6744                   155,000.12    145,530.75      9,469.37
Savings #
CD #CDI
Net                                           155,000.12    145,530.75      9,469.37
                                              Excludes account  Excludes payments  Total Funds
                                                 transfers        to debtor        on Hand
```

Exhibit D

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 09-20610

Case Name: MARTHA L. ROLAND

Trustee Name: ALLAN J. DeMARS

Claims of secured creditors will be paid as follows:

| Claimant | Proposed Payment |
|---|---|
| NONE | $0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Fees | Expenses |
|---|---|---|---|
| Trustee | ALLAN J. DeMARS | $3,000.00 | $25.53 |
| Attorney for trustee | ALLAN J. DeMARS and STUART SPIEGEL | $2,000.00 | |
| Appraiser | | | |
| Auctioneer | | | |
| Accountant | LOIS WEST/POPOWCER KATTEN, LTD. | $817.00 | |
| Special Attorney for trustee | | | |
| Charges, | U.S. Bankruptcy Court | | |
| Fees, United States Trustee | | | |
| Other | | | |

UST Form 101-7-TFR (9/1/2009)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| Attorney for debtor | | |
| Attorney for | | |
| Accountant for | | |
| Appraiser for | | |
| Other | | |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____ $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling _____ $62,262.18 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be ___ 5.8 percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | PYOD LLC assignee of Citibank | $549.45 | $32.01 |
| 2 | PYOD LLC assignee of Citibank | $2,961.30 | $172.50 |
| 3 | Chase Bank USA, NA | $8,518.56 | $496.20 |
| 4 | Chase Bank USA, NA | $17,679.81 | $1,029.83 |
| 5 | Chase Bank USA, NA | $761.64 | $44.36 |
| 6 | FIA Card Services successor to Bank of America and MBNA | $7,815.30 | $455.23 |
| 7 | GE Money Bank dba Sam's Club | $6,088.37 | $354.64 |
| 8 | GE Money Bank dba Lowes | $1,885.68 | $109.84 |
| 9 | Discover Bank | $14,596.94 | $850.26 |
| 10 | Wells Fargo Bank NA | $1,405.13 | $81.85 |

UST Form 101-7-TFR (9/1/2009)

Tardily filed claims of general (unsecured) creditors totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be _____ 0 percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | |
| | | | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____ $0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be _____ 0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | |
| | | | $0.00 |

The amount of surplus returned to the debtor after payment of all claims and interest is _____ $0.00 .

UST Form 101-7-TFR (9/1/2009)